## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is made this day the 3rd of February 2025 by and between the Defendants Chabad of Port Washington and Rabbi Shalom M. Paltiel ("RELEASEES" or "DEFENDANTS"), and Plaintiffs Patricia Gonzalez and Jonathan Tinoco ("PLAINTIFFS" or "RELEASORS") (hereinafter the "Parties").

## RECITALS

1. WHEREAS, PLAINTIFFS brought an action before the United States District Court for the Eastern District of New York against DEFENDANTS (the "Lawsuit");
2. WHEREAS, in this Lawsuit, PLAINTIFFS alleged, among other things, that RELEASEES failed to pay minimum wage, overtime compensation, provide wage notices, provide accurate wage statements, provide timely wages, and other violations under the Fair Labor Standards Act and New York Labor Law; and

3. WHEREAS, no Court has considered or determined the claims presented; and

4. WHEREAS, RELEASEES deny PLAINTIFFS' allegations in their entirety and admit no wrongdoing nor any liability with respect to PLAINTIFFS' allegations; and

5. WHEREAS, PLAINTIFFS and the RELEASEES wish to compromise and settle all of their respective claims against the other relating to the Lawsuit.

NOW THEREFORE, in consideration of the foregoing and in consideration of the covenants, warranties and promises set forth below, receipt of which is hereby acknowledged, PLAINTIFFS AND RELEASEES (collectively, "The Settling Parties") agree as follows:

## AGREEMENT

1. **Consideration.** The Settling Parties are entering into this Settlement Agreement and Release in exchange for good and valuable consideration. PLAINTIFFS agree that they will not seek any further consideration from RELEASEES, including any monetary payment, beyond that which is set forth in Paragraph 2 of this Settlement Agreement.

2. **Settlement Compensation.** In consideration of the release and other obligations entered into by the Parties pursuant to this Agreement, the RELEASEE agrees to issue the following payments, totaling SIXTY THOUSAND DOLLARS (USD 60,000).
Without limiting the terms of this Agreement, the parties hereto agree and acknowledge that the Settlement Payments are in full and final disposition and complete satisfaction of any and all claims against RELEASEES by PLAINTIFFS, including, but not limited to, claims for attorneys' fees, disbursements and costs. PLAINTIFFS expressly direct RELEASEES to make the Settlement Payments, as detailed above, to their legal counsel, acknowledge that receipt of the Settlement Payments by their legal counsel constitutes receipt thereof by PLAINTIFFS, and agree that the Settlement Payments constitute an accord and satisfaction.

3. **Delivery.** All checks shall be sent to:

>   STILLMAN LEGAL PC
>   42 Broadway, 12th Floor.
>   Suite 12-127
>   New York, New York 10004

4. **Timing**. DEFENDANTS shall pay the PLAINTIFFS and Stillman Legal PC the total sum of SIXTY THOUSAND DOLLARS (USD 60,000) as set forth in Section 2, supra. Payment and release of all settlement monies is contingent upon (a) the PLAINTIFFS returning signed copies of this Agreement to Defendants' legal counsel, (b) receipt of a Court Order approving this Agreement as fair and reasonable, and "So-Ordering" a Stipulation of Dismissal in the same form as annexed hereto as Exhibit "A"; and (c) the receipt, by DEFENDANTS' legal counsel, of fully completed and executed W9 forms from the PLAINTIFFS, as well as a fully completed and executed W9 form from Stillman Legal PC (the "Contingencies").

   Payment shall be made as follows:

   a) The amount of SIXTY THOUSAND DOLLARS (USD 60,000) shall be paid within thirty (30) days of the last Contingency set forth in Section 4, supra, being completed as follows:

      1. One (1) Check in the amount of $21,235.00 payable to STILLMAN LEGAL PC for attorneys' fees and costs.

      2. Two (2) Checks in the amount of $19,382.50 each, one payable to PATRICIA GONZALEZ and one payable to JONATHAN TINOCO

5. **Other Payments.** Except as provided in this Agreement, no other payments are owed to the PLAINTIFFS.

6. **Taxes**. The PLAINTIFFS agree to pay all federal, state and/or local taxes, if any, which are required by law to be paid by them with respect to this settlement in a timely fashion. The PLAINTIFFS further agree that in the event the PLAINTIFFS fail to meet their tax obligations with respect to the amounts received pursuant to this Agreement, and as a direct result RELEASEES become liable for payment of any taxes, or fines related to unpaid taxes, by any government entity, PLAINTIFFS will indemnify RELEASEES for any such taxes or fines, as well as reasonable costs and reasonable attorneys' fees incurred by the DEFENDANTS.

7. **Release of All Fair Labor Standards Act And New York Labor Law Related Claims.** In consideration for the foregoing and the payment schedule outlined herein, Patricia Gonzalez and Jonathan Tinoco, on their behalf and on behalf of their dependents, heirs, executors, administrators, legal and/or personal representatives, successors, assigns and agents, do

2

hereby knowingly, voluntarily, unconditionally and irrevocably **WAIVE, RELEASE** and **FOREVER DISCHARGE** RELEASEE and each and every one of its divisions, affiliates, subsidiaries, parents, corporations under common ownership or control, related business entities, predecessors, successors, management companies, assigns, officers, directors, trustees, employees, agents, shareholders, administrators, representatives, attorneys, insurers or fiduciaries, past, present or future (hereinafter referred to collectively as the "Releasee"), from any and all claims, rights, liabilities, debts, obligations, promises, covenants, agreements, contracts, endorsements, bonds, controversies, suits or causes known or unknown, suspected or unsuspected, arising solely under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.*, as amended, and related regulations, the New York Labor Law and related regulations promulgated by the NYS Commissioner of Labor, for any and all FLSA and NYLL wage-and-hour claims arising out of RELEASOR'S employment with Defendants, up to and including the date RELEASOR signs this Agreement, whether known or unknown, whether contingent or non-contingent, specifically asserted or not, which the RELEASOR may assert anywhere in the world against the RELEASEE, or any of them including by not limited to, alleged unpaid wages, unpaid minimum wage, unpaid overtime compensation, failure to provide required notices and/or wage statements, improper deductions, spread of hours, liquidated damages, interest, costs, penalties or attorneys' fees under any federal, state or local laws, based upon any conduct occurring from the beginning of RELEASOR'S employment with RELEASEE to the date of the RELEASOR'S execution of this Agreement ("Wage Claims").

8. **Dismissal.** PLAINTIFFS agree to the dismissal of the Lawsuit with prejudice. Upon full execution of this Agreement, or within (5) five business days thereof, the parties agree that PLAINTIFFS' legal counsel will cause to be filed with the Court a Stipulation of Discontinuance with Prejudice in the same form as annexed hereto as Exhibit "A".

9. **Advice of Counsel.** All parties acknowledge that they have had an opportunity to receive advice about the terms and legal effects of this Agreement from counsel of their choosing. Patricia Gonzalez and Jonathan Tinoco hereby represents that she has consulted her attorney(s) about this Agreement before signing it.

10. **Governing Law and Interpretation.** The Agreement shall be governed and conformed in accordance with the laws of the State of New York without regard to its conflict of laws provision.

11. **Exclusive Jurisdiction.** Any claim, dispute or disagreement arising under or in any way relating to this Agreement shall be submitted to the Federal District Court for the Eastern District of New York. Such courts shall have exclusive jurisdiction over such claim, dispute or disagreement, and the parties' consent to the personal jurisdiction of those courts.

12. **Non-Admission of Wrongdoing.** The parties agree that neither this Agreement nor the furnishing of any consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by either party of any liability or unlawful conduct.

13. **Absence of Reliance.** The parties acknowledge that in agreeing to this Agreement, they have not relied in any way upon representations or statement of the other party other than those representations or statements set forth in this Agreement.

14. **Entire Agreement.** This Agreement, including any and all Exhibits, set forth the entire agreement between the parties, and supersedes any prior contracts, agreements, or understandings between the parties.

15. **Amendment.** This Agreement may not be modified, altered, or changed except upon express, written consent of all parties, which includes specific reference to this Agreement.

16. **Severability.** In the event any provision contained in this Agreement shall be determined to be invalid, illegal or otherwise unenforceable, all remaining provisions in this Agreement shall remain in full force and effect. Should the release language be null and void, the parties will execute a new or supplemental agreement which will correct this failing, without receiving any additional consideration because this Agreement was provided with the expectation that it would be fully enforceable.

17. **Section Headings.** The sections headings are solely for convenience of reference and shall not in any way affect the interpretation of this Agreement.

18. **Counterparts/Electronic/Electronic Signature.** The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if Patricia Gonzalez and Jonathan Tinoco and Chabad of Port Washington and Rabbi Shalom M. Paltiel have signed the same instrument. Any Party may execute this Agreement by physically signing on the designated signature block below and transmitting that signature page *via* facsimile and/or email to counsel for the other Party. Any signature made and transmitted by facsimile and/or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the Party whose counsel transmits the signature page by facsimile.

19. **Notices.** Any notice or communication that the Parties desire to give or are required to give to the other(s) shall be in writing and sent by both "overnight" or "one-day" mailing service addressed to such other Party at the address(es) set forth below, and via e-mail to the DEFENDANT'S legal counsel. Notice shall be deemed communicated from the date of actual receipt of the overnight delivery. The addresses for notice are as follows, unless otherwise specified:

| PARTY | ADDRESS | COPY TO: |
|---|---|---|
| Defendants | **Larry B. Hollander**<br>Hollander Law Group, PLLC<br>40 Cutter Mill Road<br>Ste 203<br>Great Neck, NY 11021 | |

4

| | 516-498-1000<br>Email: lhollander@hollanderlawpllc.com | |
|---|---|---|
| Plaintiffs | Lina Stillman, Esq.<br>STILLMAN LEGAL PC<br>42 Broadway, 12th Floor<br>New York, NY 10004<br>ls@stillmanlegalpc.com | Abigail Ruiz<br>AR@StillmanLegalPC.com |

**THE PARTIES, INCLUDING Patricia Gonzalez and Jonathan Tinoco ARE SIGNING THIS SETTLEMENT AGREEMENT AND RELEASE VOLUNTARILY AND KNOWINGLY, ACKNOWLEDGING THEIR COMPLETE UNDERSTANDING OF THE TERMS.**

**THE PARTIES ACKNOWLEDGE THAT THIS SETTLEMENT AGREEMENT AND RELEASE WAS TRANSLATED INTO A LANGUAGE UNDERSTOOD BY THE PARTIES, THAT THEY HAVE HAD THE OPPORTUNITY TO REVIEW AND CONSIDER THE TERMS AND PROVISIONS OF THIS AGREEMENT, AND THAT THEY HAVE CONSULTED WITH THEIR LEGAL COUNSEL BEFORE SIGNING THIS SETTLEMENT AGREEMENT AND RELEASE.**

**THIS IS A LEGAL DOCUMENT – READ CAREFULLY BEFORE SIGNING.**

The parties knowingly, voluntarily and with the approval of their counsel executed this Agreement as of the date set forth below:

_____          Dated: __3/11/2025__
Patricia Gonzalez

_____
Jonathan Tinoco


Chabad of Port Washington
By: _____
Rabbi Shalom M. Paltiel

## SCHEDULE "A"

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
PATRICIA GONZALEZ and
JONATHAN TINOCO,                                    DOCKET NO. _____

                SPLAINTIFF,

   -AGAINST-                                       STIPULATION OF
                                                    DISCONTINUANCE
**WITH PREJUDICE**
CHABAD OF PORT WASHINGTON and
RABBI SHALOM M. PALTIEL


                EFENDANTSD.
------------------------------------------------------------X

    **IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned, the attorneys of record for all the parties to the above-entitled action, that whereas no party hereto is an infant or incompetent person for whom a committee has been appointed and no person not a party has an interest in the subject matter of the action, the above-entitled action be, and the same hereby is discontinued with prejudice without costs to any party or against any other. This Stipulation may be filed without further notice with the Clerk of the Court.

    This Stipulation shall not be in effect until executed by all parties set forth herein.

Dated  March 11, 2025

By: _____          By: _____
Larry Hollander, Esq                         Lina Stillman,
                                             Stillman Legal PC